PITMAN, J.
h Defendant Terrence Ray Green pled guilty to the charge of convicted felon possessing a firearm. The district court sentenced him to 15 years (pursuant to an agreed upon 15-year cap) at hard labor without benefit of probation, parole or suspension of sentence. Defendant now appeals pursuant to State v. Crosby, 338 So.2d 584 (La.1976). For the following reasons, we affirm Defendant’s conviction and sentence.

FACTS

On March 28, 2013, the state filed a bill of information charging Defendant with one count of convicted felon possessing a firearm or carrying a concealed weapon in violation of La. R.S. 14:95.1, in that on or about February 21, 2013, he committed this offense after having been convicted of the offense of conspiracy to commit simple robbery on July 31, 2012. On April 2, 2013, Defendant waived formal arraignment and entered a plea of not guilty. On September 11, 2013, the state filed an amended bill of information adding the predicate offense of Defendant’s conviction of attempted aggravated robbery on April 26, 2004:
On January 21, 2014, a preliminary examination was held. Sgt. Neal Ray Nunnery of the Bossier City Police Department testified that, on February 21, 2013, he took part in the investigation and arrest *716 of Defendant as the result of a domestic altercation. He stated that a woman named DeQuita[1] (“Ms. Douglas”) called 911 in reference to Defendant assaulting her with a firearm. His job as a canine handler was to locate Defendant, who had fled the scene. Before arriving at the scene, Sgt. Nunnery received |2a description of Defendant’s clothing and was told that Defendant was last seen running on railroad tracks. He testified that he saw a man matching Defendant’s description running in the KCS rail yard and then deployed his canine to track down the man, i.e., Defendant. Sgt. Nunnery stated that the canine showed an odor response, and a firearm was located in the area where he had last seen Defendant. • The canine continued his track, and Defendant was located hiding in a stack of wood pallets, a short distance from the railroad tracks. Sgt. Nunnery testified that Defendant refused to show his hands upon command, so he deployed the canine into the stack of wood pallets to apprehend Defendant.
Defendant filed several pretrial motions. On September 25, 2013, he filed a motion to quash the bill of information, alleging that La. R.S. 14:95.1 is unconstitutional under La. Const. Art. I, § 11, which sets forth the right to keep and bear arms. On December 30, 2013, he filed a pro se motion to suppress, arguing that the recording of the 911 call should be suppressed. On February 4, 2014, he filed a motion to quash, arguing that the bill of information-failed to charge an offense which is punishable under a valid statute. Specifically; Defendant contended that the offenses of attempted aggravated robbery and conspiracy to commit simple robbery are not crimes of violence listed in La. R.S. 14:2(B) that can be used for the purpose of charging a person with possession of a firearm by a convicted felon pursuant to La. R.S. 14:95.1. On March 20, 2014, Defendant filed a motion in limine, requesting that portions of the recording of the 911 call be excluded at trial.
|3On April 1, 2014, the district court denied the pro se motion to suppress as moot because defense counsel had filed a motion in limine concerning the same issue, i.e., the admissibility of portions of the 911 call.
On April 15, 2014, a hearing was held to address Defendant’s pretrial motions. The district court denied Defendant’s first motion to quash the bill of information, noting that the Louisiana Supreme Court has ruled that La. R.S. 14:95.1 is constitutional. Regarding Defendant’s second motion to quash, the state amended the bill of information to remove the predicate offense of conspiracy to commit simple robbery and clarified that the sole predicate offense would be second degree robbery. Due to the agreement between the parties regarding the amendment to the bill of information, Defendant withdrew the motion to quash. Regarding the motion in limine, the recording of Ms. Douglas’s 911 call was played for the court. It noted that the primary purpose of the 911 call was to provide a physical description of the suspect, including whether the suspect was armed, to aid law enforcement in an ongoing emergency. It further stated that the conversation included in the 911 call was not testimonial and compared the facts of the case to those in Davis v. Washington, 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006), and denied the motion in li-mine, ruling that the recording of the 911 call was admissible in its entirety.
*717 On April 25, 2014, Defendant filed a pro se motion to suppress the recording of the 911 call.
At a hearing on May 5, 2014, with all parties present, defense counsel advised the court that Defendant desired to enter a Crosby plea in which he |4would plead guilty with the understanding that there would be a 15-year cap on his sentence, the state would not file any multiple offense proceedings and the state would nolle pros two additional charges. Defendant also requested to reserve the right to appeal the rulings on the two motions to quash and the ruling on the motion in limine. Defendant re-urged the second motion to quash that was withdrawn at the April 15, 2014 hearing, and the district court denied the motion. Defendant then entered a guilty plea to the charge of possession of a firearm by a convicted felon.
On May 9 and June 7, 2014, Defendant filed pro se motions seeking to withdraw his guilty plea prior to sentencing. On July 8, 2014, a hearing was held on the motions, and the district court denied the motions.
On July 2, 2014, Defendant filed a pro se motion to redress regarding the district court’s ruling on the admissibility of the recording of the 911 call. On July 21, 2014, Defendant filed a third pro se motion to withdraw his guilty plea. On August 21, 2014, the district court denied these motions as repetitive.
On August 19, 2014, Defendant filed a pro se motion for new trial and a pro se motion in arrest of judgment. On September 28, 2014, a hearing was held on these motions, both of which contested the district court’s rulings on pre-plea motions. The district court noted that Defendant pled guilty, so there was no trial in this case. It also pointed out that Defendant’s motions raised issues that the district court ruled on before the guilty plea and that Defendant reserved the right to seek appellate review of the pre-plea rulings as a condition of the plea. Therefore, the district court | r,denied the motions as moot. Following the rulings on the motions and the waiver of sentencing delays, the district court sentenced Defendant to 15 years at hard labor, without benefit of probation, parole or suspension of sentence, pursuant to the agreed-upon cap.
On September 29, 2014, Defendant filed a pro se motion for clarification and/or amendment of sentence, which the district court denied on November 20, 2014. On October 1, 2014, Defendant filed a pro se motion to reconsider, which was dismissed by the district court on November 20, 2014. On October 22, 2014, Defendant filed a motion to reconsider sentence, and the district court denied the motion on October 24, 2014.
Defendant now appeals.

DISCUSSION

Admission of 911 Tape for Appeal

In his second assignment of error, Defendant argues that his due process rights were violated because the district court failed to preserve the recording of the 911 call for appellate review.
On July 1, 20Í5, this court filed an order stating in part:
[T]he defendant seeks review of, inter alia, the trial court’s ruling on his motion in limine concerning the admissibility of a recording of a 911 call. The recording(s), although considered by the trial judge, are not included with the appellate record. To preserve the defendant’s right to appellate review of his conviction based upon a complete record, La. Const, art. I, § 19, this Court *718 requires that the appellate record be supplemented with the recording(s).
On July 10, 2015, this court received recordings of the 911 call to supplement the record. Because the record is now complete, Defendant’s | firights to review upon a full record of the proceedings below have been preserved. La. Const. Art. I, § 19.

Confrontation Clause

In his first assignment of error, Defendant argues that the district court erred in denying his motion in limine and ruling that none of the 911 caller’s comments were testimonial; and, thus, the 911 call was admissible in its entirety. Defendant contends that, at some point during the 911 call, the caller was no longer providing information about an ongoing emergency. He argues that a significant portion of the 911 call concerned past events because the suspect had left the area. He further argues that the testimonial portions of the 911 call should have been redacted because their inclusion violated the Confrontation Clause of the Sixth Amendment of the U.S. Constitution.
The state argues that the district court correctly ruled that the 911 call was admissible in its entirety because none of the call was testimonial. It contends that the 911 call was made during an ongoing emergency and that it is also an excited utterance made to address and resolve an ongoing emergency.
The Sixth Amendment of the United States Constitution provides, in pertinent part, that “[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him.”
La. C.E. art. 802 states that “hearsay is not admissible except as otherwise provided by this Code or other legislation.” La. C.E. art. 803 sets forth exceptions to the hearsay rule and provides, in pertinent part, that:
|7The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
(1) Present sense impression. A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter.
(2) Excited utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.
In Davis v. Washington, supra, the United States Supreme Court determined whether statements made to law enforcement personnel during a 911 call are “testimonial” and thus subject to the requirements of the Sixth Amendment’s Confrontation Clause. The Court held that:
Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.
Id. The Court explained that 911 calls ordinarily “describe current circumstances requiring police assistance” rather than establish or prove a past fact. Id. The Court evaluated whether a 911 caller’s “primary purpose was to enable police assistance to meet an ongoing emergency” rather than to act as a witness. Id. The Court noted that:
*719 trial courts will recognize the point at which, for Sixth Amendment purposes, statements in response to interrogations become testimonial. Through in limine procedure, they should redact or exclude the portions of any statement that have become testimonial, as they do, for example, with unduly prejudicial portions of otherwise admissible evidence.

Id.

|sIn the case sub judice, the district court listened to the recording of Ms. Douglas’s 911 call and noted that its primary purpose was to aid law enforcement in an ongoing emergency. Accordingly, it determined that the conversation between Ms. Douglas and the 911 operator was not testimonial and ruled that the recording of the 911 call was admissible in its entirety. Defendant pled guilty to the charge, however, and this recording was never used in a trial.
We find that the district court did not err in denying Defendant’s motion in li-mine and ruling that the 911 call was admissible in its entirety. Throughout her call to 911, Ms. Douglas provided information about a suspect regarding an ongoing emergency in order to aid law enforcement in locating that suspect, who had a firearm in his possession. Her descriptions of Defendant’s physical attributes and the firearm were relevant factors to protect the officers’ safety and to the resolution of the ongoing emergency and ultimately aided law enforcement in apprehending Defendant. Her statements, therefore, were not testimonial, and the admission of the recording of the 911 call did not violate the Confrontation Clause.
Further, Ms. Douglas’s statements in the 911 call are exceptions to the hearsay rule as provided in La. C.E. art. 803(1) and (2). Ms. Douglas’s 911 call was a present sense impression because her statements described an event while she was perceiving the event and/or immediately thereafter. She called. 911 to explain that she had just been threatened with a firearm and that the suspect had just left her home. Also, most of Ms. Douglas’s 911 call was an excited utterance because she made statements relating to a IsStartling event while she was under the stress of the excitement caused by the event. Her statements were laced with profanity, and she described a situation where she was assaulted with a firearm. Because of the stressfulness and dangerousness of this situation, Ms. Douglas’s statements in the 911 call were excited utterances.
Accordingly, this assignment of error is without merit.

CONCLUSION

For the foregoing reasons, the conviction and sentence of Defendant, Terrence Ray Green, are affirmed.
AFFIRMED.

. DeQuita Douglas could not be located by the defense or the state and was, therefore, unavailable to testify as a witness.